**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **KELLIE WATSON,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )　**CIVIL ACTION NO. 25-00105-KD-N** |
| | ) |
| **ROLLING FRITO-LAY SALES, L.P.** | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on the "Stipulation of Dismissal with Prejudice." (Doc. 21). The filing indicates that "Plaintiff and Defendant have resolved all outstanding claim in this action." (Id.). The parties "desire this case to be dismissed with prejudice, including all claims and causes of action brought" by Plaintiff against Defendant "and any claims that could have been brought arising from and relating to Plaintiff's allegations in this action." (Id.). Accordingly, Plaintiff requests the Court enter the proposed Order of Dismissal. (Id.).

Although the filing is titled "stipulation of dismissal," the substance shows that the filing is a motion for a voluntary dismissal. A stipulation of dismissal must be "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). A motion for a voluntary dismissal seeks a court order dismissing the action "at the plaintiff's request" and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, the "stipulation of dismissal" is not signed by all parties. However, the plaintiff made the filing, and the plaintiff requests a court order dismissing the action. "[S]everal times, [the Eleventh Circuit] approved dismissal orders that treated rule 41(a)(1)(A) notices and stipulations as requests for a rule 41(a)(2) court order." Sanchez v. Disc. Rock & Sand, Inc., 84 F.4th 1283, 1292 (11th Cir. 2023). Thus, the Court may dismiss the action under Federal Rule of Civil Procedure 41(a)(2).

It is **ORDERED** as that this action is **DISMISSED with PREJUDICE**. Each party shall bear their own costs and attorneys' fees unless agreed otherwise in the settlement.[1]

**DONE** and **ORDERED** this the **28th** day of **April 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent the parties wish to dismiss "any claims that could have been brought arising from and relating to Plaintiff's allegations in this action," (Doc. 21 at 1), a court order under Rule 41(a)(2) does not appear to be the proper avenue. Rule 41(a)(2) allows courts to dismiss pending actions, not potential claims.

2